**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1420
_____

VARLEY RAMOS COSTA, AKA Varley Costa;
SUELI GOMES CORREA COSTA, AKA Sueli Costa,

Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(Agency Nos. A213-090-873 & A213-090-874)
Immigration Judge: Honorable Kuyomars Q. Golparvar
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 14, 2018

Before: GREENAWAY, JR., SHWARTZ, and BIBAS, *Circuit Judges*

(Filed: December 12, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

BIBAS, *Circuit Judge*.

Though aliens may reasonably fear foreign prisons, ordinarily they may not invoke that fear as a ground to remain here. Varley and Sueli Costa entered the United States illegally and are removable. They both applied for asylum, withholding of removal, and relief under the Convention Against Torture. They have shown that they will likely be imprisoned in Brazil and that Brazilian prisoners are often abused. But they cannot show that they belong to a particular social group. Their claimed group (Brazilian prisoners and detainees) does not qualify because it is neither socially distinct nor defined by a shared immutable characteristic. And the Costas cannot show that they are more likely than not to be tortured. So we will deny the petition.

## I. BACKGROUND

Because its findings are plausible (indeed, persuasive), we accept the facts as found by the agency under 8 U.S.C. § 1252(b)(4)(B). The Costas are a married couple and are Brazilian citizens by birth. They entered the United States illegally. More than a decade later, Immigration and Customs Enforcement agents detained them and charged them as removable because they entered illegally.

The Costas learned to their surprise that they are wanted for murder in Brazil. Brazilian authorities had issued arrest warrants and Interpol red notices for both of them. The Costas deny any involvement in the murder. But they fear that, upon returning to Brazil, they will be imprisoned and tortured.

So the Costas applied for asylum, withholding of removal, and protection under the Convention Against Torture. In a joint decision that addressed the claims of both Costas,

2

the Immigration Judge denied the Costas' applications. They appealed to the Board of Immigration Appeals, raising the same claims and also claiming that the Judge erred by considering their applications jointly. The Board dismissed their appeal, reasoning that the Costas were not members of a particular social group, had not shown a likelihood of persecution, and had not shown that Brazil would likely torture them. And the Board held that, while the Judge had erred by considering their applications jointly, that error was harmless.

The Costas now petition for review, raising the same arguments. We have jurisdiction under 8 U.S.C. § 1252. We review the Board's legal conclusions *de novo* while according them *Chevron* deference. *Huang v. Att'y Gen. of the U.S.*, 620 F.3d 372, 379 (3d Cir. 2010). And we review the Board's factual findings for substantial evidence, overturning them only if the evidence "compels" a "contrary conclusion." *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001).

## II. THE COSTAS ARE NOT PART OF A PARTICULAR SOCIAL GROUP AND HAVE NOT SHOWN THAT BRAZIL WILL LIKELY TORTURE THEM

### A. Asylum and withholding of removal

To qualify for asylum or withholding of removal, the Costas must show that they credibly fear persecution based on their "race, religion, nationality, membership in *a particular social group,* or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3)(A) (emphasis added). In defining a particular social group, a key question is whether people in that country perceive that group "as a distinct segment of the population." *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 545, 556 (3d Cir. 2018). To answer that question, we ask whether the "group is (1) composed of members who share a common immutable characteristic, (2) defined

3

with particularity, and (3) socially distinct within the society in question." *Id.* at 547, 549 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)).

The Costas claim that they satisfy this test. They define their group as Brazilian police detainees and prisoners. And they assert that the Judge and Board failed to address that group.

But both the Judge and the Board rejected the group of those detained or wanted by Brazilian police as lacking immutable characteristics, particularity, or social distinction. *See* AR 4-5, 128. And rightly so. Those arrested for murder in Brazil may be acquitted and released. And the Costas maintain their innocence. Detainees come from all walks of life. And the Costas offer no proof that Brazilians see prisoners or detainees as a separate social group. So their claims for asylum and withholding of removal fail.

Plus, substantial evidence supports the finding that the Costas do not have a well-founded fear of persecution. They "assert[] that arrest warrants were issued by corrupt police who seek to extort them," but that assertion "is entirely speculative." AR 6. And Brazilian officials have tried to fight corruption.

### B. Convention Against Torture

The Costas' Convention claim likewise fails. For relief under the Convention, the Costas bear the burden of proving that, if removed to Brazil, they will "more likely than not" be tortured. *Shardar v. Ashcroft*, 382 F.3d 318, 325 (3d Cir. 2004) (distinguishing "legitimate prosecution" from "persecution"); 8 C.F.R. § 208.16(c)(2). They must also prove that Brazilian officials will "consent to or acquiesce in" their torture. *Roye v. Att'y Gen. of the U.S.*, 693 F.3d 333, 343 (3d Cir. 2012). The Board found that the Costas failed to prove

4

either requirement. To prevail on their petition, the Costas must show that the Board lacked sufficient evidence for both those findings and that the evidence "compels" a "contrary conclusion." *Abdille*, 242 at 483-84. They have not done so.

To show a likelihood of torture, the Costas rely on a State Department human-rights report, which states: "Credible testimony from [Brazilian] inmates … pointed to the frequent use of torture and mistreatment, varying in methods and the severity of the pain and suffering inflicted." AR 323. Both police and prison guards take part. But an act can be frequent without happening a majority of the time. The Costas offer no proof that torture is so frequent that it is more likely than not.

Nor have the Costas shown that Brazil consents to or acquiesces in torture. The same State Department report explains that Brazil has investigated inhumane prison conditions and let nongovernmental observers monitor them. Given Brazil's efforts, the Board had sufficient evidence that Brazil does not acquiesce in torturing its prisoners.

### C. Severance

Grasping at a final straw, the Costas claim that the Judge and Board erred by considering their applications together. But the Board found that this error was harmless. In their opening brief, the Costas simply assert in passing that the Board's conclusion was wrong but offer no argument against it. So they have waived their argument. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 & n.3 (3d Cir. 1993).

We will thus deny the petition for review.